# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARCIA CARPENTER,

        Plaintiff,

v.                                  Case No. 3:24-cv-263-JRK

MICHELLE KING,
Acting Commissioner of Social
Security, [1]

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Marcia Carpenter ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of asthma, rheumatoid arthritis, headaches, high blood pressure, high cholesterol, a heart problem, and

---

[1] Michelle King became the Acting Commissioner of Social Security in January 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. King is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

osteoarthritis in her ankle, back, elbow, and hand. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed May 13, 2024, at 133, 153, 173, 184, 424.

On July 10, 2020 and November 6, 2020, respectively, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of June 1, 2016. Tr. at 383-84 (DIB); 385-91 (SSI).[3] Later, the alleged onset date was amended to July 19, 2018. Tr. at 19, 47. The applications were denied initially, Tr. at 152-64, 165, 167, 200-02 (DIB); Tr. at 132-51, 166, 170, 207-09 (SSI), and upon reconsideration, Tr. at 173-82, 183, 216-19 (DIB); Tr. at 184-93, 194, 221-22 (SSI).[4]

On September 19, 2022, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] Tr. at 66-112. The ALJ retired after the hearing but before a decision could be rendered. Tr. at 45. On May 2, 2023, a different ALJ held a hearing, during which he heard from Plaintiff, who was represented

---

[3] The DIB and SSI applications were actually completed on November 9, 2020. Tr. at 383 (DIB), 385 (SSI). The protective filing date for the DIB application is listed elsewhere in the administrative transcript as July 10, 2020, Tr. at 153, 173, and for the SSI application is November 6, 2020, Tr. at 133, 184.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone, with Plaintiff's consent. Tr. at 68, 225-38, 257-58, 324.

by counsel, and a VE.[6] Tr. at 42-65. On July 12, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 18-34.[7]

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her representative in support of the request. Tr. at 4-5 (Appeals Council exhibit list and order), 381-82 (request for review), 522-23 (brief). On January 22, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On March 14, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal challenges the ALJ's findings with respect to the opinion of treating pain management physician Rene Pulido, M.D., and with respect to the opinions of the state-agency non-examining doctors. Plaintiff's Brief (Doc. No. 15; "Pl.'s Br."[8]), filed June 11, 2024, at 2, 7, 8-15, 15-19. On July 10, 2024, Defendant filed a Memorandum in Support of the Commissioner's

---

[6] This hearing was also held via telephone, with Plaintiff's consent. Tr. at 44, 361, 364.

[7] The administrative transcript also contains a decision authored by an ALJ that adjudicated claims filed in 2015. Tr. at 116-25. That decision is not at issue here.

[8] Because Plaintiff's Brief contains a cover page and table of contents, its pagination does not match the pagination assigned by the Court's electronic filing system (CM/ECF). Citations are to the pagination assigned by CM/ECF.

3

Decision (Doc. No. 16; "Def.'s Mem.") addressing the issues. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[9] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Here, the ALJ followed the five-step inquiry through step four, where he ended the inquiry based upon his findings at that step. See Tr. at 21-33. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 19, 2018, the amended alleged onset date." Tr. at 21 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: asthma and abnormality of the major joints." Tr. at 22 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except: frequently balance, sto[o]p, kneel, crouch, crawl and climb stairs; occasionally climb ladders; is able to use bilateral upper extremities on a frequent basis to handle, finger, feel and reach overhead and in all directions; should avoid concentrated exposure to extreme cold, wetness, humidity, pulmonary irritants and hazards.

Tr. at 25 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as a health services coordinator, housekeeper, and hair stylist." Tr. at 32 (some emphasis and

5

citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from July 19, 2018, through the date of th[e D]ecision." Tr. at 33 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

6

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff challenges the ALJ's findings with respect to the opinion of treating pain management physician Dr. Pulido, and with respect to the opinions of non-examining state-agency consultants. Pl.'s Br. at 10-18.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific

7

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[10] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-

---

[10] Plaintiff filed her applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

8

supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[11]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

---

[11] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

9

Here, treating pain management physician Dr. Pulido completed a Physical Assessment form on July 26, 2022, Tr. at 1492-93, in which he opined as follows. Plaintiff's diagnosis is degenerative thoracic-lumbar disc disease. Tr. at 1492. Plaintiff's symptoms are expected to frequently interfere with her ability to perform simple work-related tasks; her medications cause drowsiness and fatigue; she would need to recline outside normal work breaks; and she would need to take unscheduled breaks every thirty minutes. Tr. at 1492. Plaintiff can walk less than one city block, can sit two hours per day, and can stand/walk one hour per day. Tr. at 1492. Plaintiff can occasionally lift up to ten pounds but never more than that. Tr. at 1492. Plaintiff has no limitations regarding her upper extremities. Tr. at 1492. Plaintiff can be expected to be absent from work more than four times per month. Tr. at 1493.

Regarding the state-agency non-examining doctors, there are consulting opinions regarding both Plaintiff's physical and mental limitations. On September 8, 2021, John Gabriel, M.D., assigned a RFC regarding Plaintiff's SSI claim that allowed six hours per day of standing or walking; sitting six hours per day; occasional lifting and carrying up to twenty pounds; frequently lifting and carrying up to ten pounds; unlimited pushing, pulling, and balancing; and frequent climbing of stairs, stooping, kneeling, and crouching. Tr. at 144-45. Dr. Gabriel also found Plaintiff should avoid concentrated exposure to extreme cold, wetness, humidity, noise, vibration, and hazards; and

she should avoid even moderate exposure to fumes and the like. Tr. at 146. Dr. Gabriel wrote regarding the DIB claim that the "[s]upplied medical evidence in the period in focus does not provide sufficient information to address an MDI[12] or its effect on function at the time of DLI.[13] Case is insufficient." Tr. at 162.

On April 11, 2022, Robert Nuss, M.D., on reconsideration for the DIB claim made a similar finding as Dr. Gabriel regarding the evidence prior to the DLI. Tr. at 177. Otherwise, Dr. Nuss for the SSI claim assigned a RFC that allowed six hours per day of standing or walking; sitting six hours per day; occasional lifting and carrying up to twenty pounds; frequently lifting and carrying up to ten pounds; unlimited pushing, pulling, and balancing; and frequent climbing of stairs, stooping, kneeling, crouching, and crawling. Tr. at 190-92. Dr. Nuss also found Plaintiff should avoid concentrated exposure to extreme cold, wetness, humidity, fumes and the like, and hazards. Tr. at 191.

Also on April 11, 2022, Jessy Sadnovnik, PsyD., found evidence of Plaintiff's mental impairments was insufficient to make a determination and that Plaintiff "remains functional from a mental perspective & acknowledges the ability to perform many routine ADL's[14] independently & within physical limitations." Tr. at 177-78.

---

[12] MDI stands for "medically-determinable impairment."

[13] DLI stands for "date last insured."

[14] ADL stands for "activities of daily living."

The ALJ found as follows regarding treating physician Dr. Pulido's opinion:

> The objective opinions [set forth in the medical notes] of Dr. Pulido, [Plaintiff's] pain management provider, are persuasive. Dr. Pulido's examination in January 2023 showed normal findings despite a recent x ray showing spondylosis. Dr. Pulido's October, November and December 2022 exams also showed normal results. These opinions are consistent with other medical evidence, including the DDS evaluations. These physical exam findings of Dr. Pulido are persuasive.
>
> The medical RFC statement by Dr. Pulido is not persuasive, as it is not supported by this source's own physical exam findings and is inconsistent with the totality of the medical evidence of record as a whole.

Tr. at 32 (citations omitted). Regarding the non-examining state-agency opinions, the ALJ wrote:

> The opinions of the state agency medical and psychological consultants are persuasive. These consultants performed thorough and comprehensive assessments of the evidence and their opinions are consistent with and supported by competent evidence of record. These determinations are in evidence. There was no objection to admitting these determinations into evidence and no argument was made regarding the persuasive weight, or lack thereof, to be accorded to these non-examining experts' opinions. As these opinions are therefore uncontested, they are persuasive to the extent they are supported by and consistent with the totality of the competent evidence of record (See 20 CFR [§] 404.1527(e), and Social Security Rulings 16-3p, 17 -2p).

Tr. at 31 (citations omitted).

Plaintiff argues the ALJ erred regarding Dr. Pulido's opinion by: 1) erroneously referring to the treatment notes as an "opinion"; and 2) making impermissible conclusory findings about Dr. Pulido's RFC assessment being allegedly unsupported by and inconsistent with the evidence. Pl.'s Br. at 11-15. Responding, Defendant contends the ALJ provided sufficient reasons for finding Dr. Pulido's RFC assessment was inconsistent with his treatment notes and other evidence. Def.'s Mem. at 7-11. Moreover, Defendant contends that although the ALJ was under "no obligation to evaluate the persuasiveness of treatment observations, Plaintiff does not point to any error the ALJ made in doing so." Id. at 11.

Regarding the non-examining state-agency opinions, Plaintiff again contends the ALJ's findings were conclusory. Pl.'s Br. at 16. Moreover, Plaintiff argues it was improper for the ALJ to credit the opinions simply because Plaintiff had not objected to them. Id. at 17-18. Responding, Defendant argues the ALJ provided sufficient detail in the Decision from which a reviewer can determine why the opinions are consistent with the evidence. Def.'s Mem. at 14. With respect to the lack of objection on Plaintiff's part, Defendant asserts that even if the lack of objection is not a permissible factor in the analysis, the ALJ considered the most important factors, so the reliance on a lack of objection was harmless. Id. at 15.

13

The undersigned finds the ALJ did not reversibly err with respect to any of the opinions at issue. Regarding Dr. Pulido, it need not be decided whether the treatment notes qualify as "opinions" under the Regulations: the ALJ assumed that they did, and he credited the objective findings set forth in the notes. Further, the ALJ was right to find that Dr. Pulido's physical RFC assessment was inconsistent with his relatively benign examination findings and with the other medical evidence, including other examining physicians' findings. Tr. at 32; see, e.g., Tr. at 525-730, 736-829, 830-998, 1013-1108, 1161-1280, 1312-1477, 1495-1538, 1617-90 (Dr. Pulido and colleagues' notes). Moreover, elsewhere in the Decision, the ALJ recounted Plaintiff's vast array of daily activities and work as a paralegal as evidence that Plaintiff is not as limited as she alleges. Tr. at 30-31.

With respect to the non-examining state-agency opinions, regardless of whether the ALJ erroneously determined they could be accepted because Plaintiff did not object to them, the ALJ found the opinions to be supported by and consistent with the evidence. Tr. at 31. Thus, excising the finding about the lack of objection, the undersigned determines the ALJ did not err. While the ALJ could have provided more detail to support the consistency and supportability findings, in this particular case, the reasons are self-evident from a review of the balance of the ALJ's Decision. Remand would serve no useful purpose; the ALJ did not reversibly err.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 4, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record